MEMORANDUM *
The government appeals the district court’s grant of Kraig Hill’s suppression motion. We have jurisdiction pursuant to 18 U.S.C. § 3731, and we affirm.
Although it was error (1) to suppress evidence based on the falsity, of the testimony of Officers Scheuller and Miguel, see United States v. Thomas, 726 F.3d 1086, 1093 (9th Cir.2013), and (2) to conclude that Hill was unlawfully seized when ordered to get out of his car, see Pennsylvania v. Mimms, 434 U.S. 106, 110-11, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977), we “may affirm on any basis supported by the record,” United States v. McClendon, 713 F.3d 1211, 1218 (9th Cir.2013). We affirm the grant of Hill’s suppression motion because, even assuming the officers had reasonable suspicion to stop Hill, they were, at most, investigating a completed misdemeanor, and so the manner and duration of the stop were unreasonable. See United States v. Grigg, 498 F.3d 1070, 1074-75, 1081-83 (9th Cir.2007).
As the district court recognized, “the governmental, interest in investigating possible criminal conduct based on an officer’s reasonable suspicion may be outweighed by the Fourth Amendment interest of the driver in remaining secure from the intrusion.” Id. at 1075. The alleged misdemeanor traffic violation occurred roughly fifteen minutes before the officers stopped Hill. By that time, Hill had parked the Mercedes in a hotel parking garage and had not been operating the vehicle for almost ten minutes. Hill was, at most, “a suspect in a past crime who now appealed] to be going about his lawful business,” United States v. Hensley, 469 U.S. 221, 228, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985), and he presented no “potential for ongoing or repeated danger,” Grigg, 498 F.3d at 1081. Accordingly, the stop was not reasonable. See id. at 1081-82.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.